## McKay v. Maloy.

1. **Justice of the Peace:** FEES: APPEAL. A justice of the peace is not entitled to a fee for the approval and filing of an appeal bond prepared by the attorney of the party appealing, nor can he demand from such party the payment to him of the clerk's fee for docketing the case in the Circuit Court, before allowing an appeal. He may, however, require the payment of his fee for making and certifying the transcript before allowing the same to go out of his possession.

*Appeal from Winneshiek Circuit Court.*

TUESDAY, DECEMBER 16.

THE plaintiff filed in the office of the clerk of the Winneshiek Circuit Court a petition as follows:

"1. That on the 19th day of July, 1878, the defendant, as a justice of the peace, rendered a judgment against the plaintiff and for one Henry Madison for $21.95 and costs.

"2. That at the time of the rendition of said judgment the defendant was a duly qualified and acting justice of the peace in and for said county of Winneshiek.

"3. That on the 20th day of July, 1878, the plaintiff's attorney handed to the defendant a good and sufficient appeal bond to be used in said cause of *Madison v. McKay*, and requested the defendant to file and approve the same, and to perfect the appeal in said cause; that the defendant then demanded of said attorney the sum of $2.50 as his fees for filing and approving said bond, and for certifying up the appeal, and the filing fee of the clerk of said Circuit Court, and refused to certify up said cause until said money had been paid, which sum was not paid as demanded.

"4. That the plaintiff is personally interested in said action; that she now sustains damages by reason of the refusal of defendant to file and approve said bond and certify up said appeal; that an execution has been issued on said judgment in favor of Madison, and a levy made upon the plaintiff's property.

'Asks that an order be made requiring the defendant to recall said execution, to file and approve said bond and to perfect said appeal."

The defendant answered as follows:

"1. Admits the allegations contained in the first and second counts of the petition; also that plaintiff is personally interested in said action, and that an execution was issued and a levy made as set forth in the fourth count thereof.

"2. As to the third count thereof denies that the plaintiff's attorney handed him on the 20th day of July, 1878, an appeal bond, but avers that on the 19th day of July, 1878, said attorney handed to him a paper which he called an appeal bond in said cause of *Madison v. McKay;* that he then demanded of said attorney fifty cents for making the transcript and certifying to the same, and fifty cents for filing and approving said bond, and $1.50 as the fee of the clerk of the appellate court before he would file and approve said bond and perfect the appeal in said cause; that said attorney refused to pay said sum or any part thereof.

"Asks that the petition be dismissed, and for judgment for costs."

On these pleadings the court rendered judgment dismissing the petition at the plaintiff's costs. The plaintiff excepted, and appeals. The judge trying the cause certified the question upon which it is desirable to have the opinion of the Supreme Court, as follows: "Can a justice of the peace demand in advance his fees for, and before performing, the following services, or require payment in advance for the same, to-wit: filing and approving an appeal bond, and certifying up the cause to the Circuit Court of the State, and the fees of the clerk of said court for filing the appeal, said filing and approving consisting in indorsing on the bond filed the fact of its being filed and approved."

*Faust & Warren,* for the appellant.

No argument for the appellee.

DAY, J.—I. The clerk of the Circuit Court is allowed one dollar and fifty cents for filing an appeal and docketing the cause. This amount is to be paid to the clerk of the Circuit Court, and not to the justice of the peace. The statute nowhere authorizes the justice to collect the clerk's fees for him. A justice of the peace cannot make a payment of the filing fees of the clerk of the Circuit Court a condition of making out a transcript of his docket and transmitting it to the clerk of the Circuit Court.

1. JUSTICE of the peace: fees: appeal.

Section 3583 of the Code provides: "Upon the taking of any appeal, the justice shall file in the office of the clerk of the Circuit Court all the original papers relating to the suit, with a transcript of all the entries in his docket." This section simply means that the justice shall deposit these papers with the clerk. It does not require him to pay the fee for filing and docketing the appeal.

II. A justice of the peace is entitled to fifty cents for "drawing and approving bond when required in any case." Code, section 3804. The justice did not draw the bond for an appeal in the case involved in this controversy. The pleadings show that the plaintiff's attorney handed to the justice a bond already prepared, and that the justice demands fifty cents for filing and approving the bond. We are unable to discover that the statute authorizes any fee for writing upon the back of a bond the fact that it is filed and approved.

III. The justice was entitled to fifty cents for making and certifying transcript. We do not think the case presents the question whether the justice was entitled to demand this fifty cents before making and certifying the transcript. The question submitted by the court for our determination is, can a justice of the peace demand payment in advance for certifying up the cause to the Circuit Court. Certifying up a cause to the Circuit Court includes more than simply making and certifying the transcript. It embraces making and certifying the transcript, and depositing it, together with the other

papers in the case, with the clerk of the Circuit Court. It involves a surrender by the justice of the control and possession of the transcript and other papers in the case. If it should be conceded that the justice was not entitled to demand the fifty cents before making and certifying the transcript, he nevertheless was, under section 3837 of the Code, entitled to payment when he had rendered that service. He could not be required to part with his possession of the transcript until he was paid for making and certifying it. See *Dickerson v. Shelby*, 2 G. Greene, 460, construing a statute similar to section 3837 of the Code. The object of this proceeding is to obtain a writ of *mandamus* requiring the defendant to recall the execution, to file and approve the bond, and to perfect the appeal. The appeal can be perfected only by filing the transcript in the office of the clerk of the Circuit Court. It does not appear that the plaintiff has ever offered to pay the justice for making and certifying the transcript. He has no right, therefore, to demand that the justice shall surrender his control over and possession of the transcript. In other words the plaintiff has not shown that he is entitled to have his appeal perfected.

The plaintiff, however, is entitled to an order requiring the justice, if the bond is in proper form, and the sureties good, to approve and file it as of the date of its first presentation, without the payment of a fee of fifty cents, and, upon the filing of such bond, to give to the plaintiff a certificate that an appeal has been allowed, as provided in section 3582 of the Code. The respective parties to the original action may then proceed as they may be advised.

REVERSED.